OPINION
On March 24, 1989, a jury found appellant, Daniel Everhart, guilty of one count of aggravated burglary in violation of R.C.2911.11, one count of felonious assault in violation of R.C.2903.11 and one count of attempted rape in violation of R.C.2907.02. By judgment entry filed April 3, 1989, the trial court sentenced appellant to a total aggregate term of fifteen to forty years in prison.
On July 8, 1997, a hearing was to be held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. The Department of Rehabilitation and Correction had recommended appellant be deemed a "sexual predator." By order filed July 7, 1997, the trial court continued the hearing "to such time as the matter is reassigned for hearing." By judgment entry filed August 19, 1997, the trial court classified appellant as a "sexually oriented offender."
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT HAS A DUTY TO RULE ON THE MOTION TO DISMISS ON THE ISSUE OF VAGUENESS.
 (A) THE COURT INCORRECTLY RULED ON VIOLATIONS OF EX POST FACTO LAWS.
 II THE DEFENDANT IS UNABLE TO DETERMINE WHAT EVIDENCE THE TRIAL COURT RULED ON TO SHOW THAT THE DEFENDANT IS SUBJECT TO THE REPORTING REQUIREMENTS OF R.C. 2950.04
AND 2950.07(B)(3).
 III THE APPLICATION OF R.C. 2950.04 AND 2950.07 (EFFECTIVE JULY 1, 1997) VIOLATE THE PROHIBITION AGAINST EX POST FACTO LAWS.
 I, III
This court has previously reviewed these arguments in Statev. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and State v.Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
Assignments of Error I and III are denied.
 II
Appellant argues he is unable to determine what evidence the trial court ruled on to show he is subject to R.C. Chapter 2950.
By judgment entry filed August 19, 1997, the trial court found appellant to be a sexually oriented offender "subject to the registration requirements under O.R.C. Sections 2950.04 and2950.07(B)(3)." Pursuant to said sections, appellant is required to register as a sexually oriented offender for ten years. The trial court based its determination on appellant's conviction of attempted rape in violation of R.C. 2907.02. R.C. 2950.01(D)(7) defines a "sexually oriented offense" in pertinent part as an attempt to commit rape in violation of R.C. 2907.02, regardless of the age of the victim. Because appellant was found guilty of a "sexually oriented offense," it logically follows that appellant is a "sexually oriented offender." No other findings were necessary for the determination that appellant was a sexually oriented offender. We note pursuant to R.C. 2950.09(C)(2), a hearing is only required if the trial court determines the offender is a sexual predator:
 (2) If, pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing. * * * (Emphasis added.)
In the case sub judice, the trial court reviewed appellant's conviction and chose not to accept the department's recommendation. No hearing was necessary.
Based upon our review, we find the trial court gave appellant sufficient information on which it relied to make its determination.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
______________________________
______________________________
 ______________________________ JUDGES
SGF/db 0217
JUDGMENT ENTRY
CASE NO. 97AP090057
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. ______________________________
______________________________
 ______________________________ JUDGES